By the Court.
The sole question presented by the relator is whether he is entitled to a writ of mandamus on the ground that the order of the respondent Industrial Commission denying “his application for a rehearing was a gross abuse of its discretion in weighing the evidence.”
It should be noted that at no time did the commission or district board of claims find that it was without jurisdiction to consider the relator’s claim. On the contrary jurisdiction was assumed throughout. First, medical expenses and compensation for temporary total disability were allowed. Later when the relator filed his application for further compensation for per *21 manen! partial disability, a hearing was had, and as a •finding of fact it was determined from the evidence that the ‘ ‘ claimant has not suffered any permanent partial disability.” Section 14C5-90, General Code, clearly provides that the “commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, shall be final, except as provided in this section.” Eight exceptions are enumerated. The provisions as to these are “that the injury was self-inflicted; that the injured person was not an employee; that the injury did not occur in the course of or arise out of the employment; that the claimant’s disability is not the result of the injury; that the claimant, having received compensation for the period of temporary total disability and having received the maximum amount of compensation for temporary partial disability as provided in this act, and having engaged in no gainful occupation for the period of four years prior to the decision of the commission, during which time compensation has been payable to such claimant, is not permanently and totally disabled as a result of the injury; that the death did not result from the injury; that the claimant was not legally or actually dependent upon the decedent; or that the employer was not amenable to the law.” It is equally clear that the relator does not come within this list of exceptions. However, he claims the benefit of Section 1465-80 (b), General Code, which provides in part that in “all cases of permanent partial disability * # * the Industrial Commission shall determine the percentage of disability of the employee, after taking into consideration the extent of the physical disability, the impairment of earning capacity and the vocational handicap of the employee * * The commission did determine the percentage of disability, and upon consideration of the evidence found as a mat *22 ter of fact that the relator suffered no permanent partial disability. Under the provisions of Section 1465-90, G-eneral Code, the decision is final and not appeal-able.
Since the respondent has properly exercised its jurisdiction and has based its decision upon the evidence, the relator’s claim of abuse of discretion is without foundation,' and the writ of mandamus must be denied.

Writ denied.

Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.